ERVIN, Justice
(dissenting).
SUPREME COURT OF FLORIDA Tallahassee
March 16, 1967
Honorable Claude Kirk Governor of Florida The Capitol Tallahassee, Florida
Dear Governor Kirk:
I believe you have the executive power to suspend the public officials in question for refusal to testify before the State Attorney on the ground their answers might tend to incriminate them concerning alleged misuse of public property and funds. From your request, I understand the State Attorney’s inquiry touches upon the official conduct of said officials and is a relevant inquiry pertaining to the faithful performance of their official duties. They were duly subpoenaed to testify before the State Attorney pursuant to F.S. Section 27.04, F.S.A.
I believe an inquiry from an expressly authorized constitutional or statutory source, as in this case, should be responded to as a part of an official’s faithful performance of his duty pursuant to his oath of office. I do not believe it would be the official or strict legal duty of such official to answer investigative questions from other than such a source, although ordinarily information sought from a public official would be and should be supplied as routine public service. You have, as I understand, properly proceeded through a State Attorney in this matter. See F.S. Section 27.04, F.S.A.
The case law appears to support the position above indicated.
In 44 A.L.R.2d the text reads at 790:
“The courts have held with complete unanimity that a refusal to answer the relevant questions of an authorized body, or a refusal to waive immunity, constitutes a ground for the dismissal of a public officer or employee.”
As a cautionary note, I call your attention to recent United States Supreme Court cases: Garrity et al. v. State of New Jersey, 386 U.S. -, 87 S.Ct. 616, 636, 17 L.Ed.2d 562, and Spevack v. Klein, 386 U.S. —, 87 S.Ct. 625, 17 L.Ed.2d 574, decided January 16, 1967. In some quarters it is believed they raise doubt as to the principle above quoted. However, I do not believe they go so far as to definitely hold that the rule quoted above from A.L.R.2d has been rejected by the United States Supreme Court.
In Garrity it was held that a police officer’s incriminating answers, which were taken under compulsion that if they had not been given he would have been dismissed from his job, could not be used as evidence against him in a subsequent criminal prosecution.
In Spevack it was held a lawyer could not be disbarred because he refused to give information relating to his professional conduct in disciplinary proceedings of the Bar on the ground that to do so would incriminate him.
While it is true some of the language of these two decisions may be reasoned to indicate that a public officer or employee’s testimony cannot now be compelled on penalty of loss of his office or employment, and consequently he could not be removed or dismissed for refusing to testify on the ground his answers might tend to incriminate him — I do not find these cases to so hold. In fact, some of the individual *741 justices in separate opinions from the majority opinions in these cases state there is no departure in the majority opinion from the general rule above stated.
I would suggest you forbear from suspending an official in any case where prior to suspension he seeks promptly and properly a judicial determination of the right of inquiry in his particular case. In this connection it is noted in the proposed revision of our State Constitution by the Revision Commission a public official may be removed from office for refusing to testify before a grand jury on the ground his answers may tend to incriminate him, but only after it is determined at a judicial hearing that the questions to be asked relate directly to his official duties.
I also call your attention to the fact that in many situations if a public official is required to testify before a grand jury he will be immunized from prosecution. See F.S. Section 932.29, F.S.A.
Respectfully,
/s/ Richard W. Ervin
Richard W. Ervin Justice